(Reap. Dec. 9513)

FRANK P. DOW CO., INC., A/C RELIANCE MERCHANDISE CO., INC., ET AL. v. UNITED STATES

Entry No. 1137–K, etc.

(Decided September 30, 1959)

*Lawrence & Tuttle* for the plaintiffs.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement enumerated in schedule "A," hereto attached and made a part hereof, are before me for decision on a written stipulation, reading as follows:

IT IS STIPULATED AND AGREED by and between counsel for the plaintiffs and the Assistant Attorney General for the United States concerning the merchandise referred to in the attached Schedule A, as follows:

1. Said merchandise consists of binoculars and leather carrying cases which, in *John P. Herber & Co., Inc.* v. *United States*, C.D. 1519, this Court held to be subject to appraisement separately according to the value of each class of articles.

2. At the time of exportation of such merchandise to the United States, the prices at which such or similar merchandise was freely offered for sale to all purchasers, in the principal markets of the country from which exported, in the usual wholesale quantities in the ordinary course of trade for exportation to the United States, are the unit prices shown in attached Schedule A, in U.S. currency, net, packed, the foreign value of such or similar merchandise being no higher.

3. The above appeals for reappraisement are abandoned as to all entries and merchandise not listed in the attached Schedule A, and the said appeals for reappraisement may be deemed to be submitted for decision upon this stipulation.

On the agreed facts and following the cited decision on the law, I find and hold that the proper basis for appraisement of the merchandise in question, as hereinabove identified, is export value, as defined in section 402(d) of the Tariff Act of 1930, and that such statutory value therefor is the unit prices as set forth in said schedule "A," in United States currency, net, packed.

The appeals for reappraisement, having been abandoned as to all other merchandise, are dismissed, except as to the merchandise identified in said schedule "A."

Judgment will be rendered accordingly.